UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                       :
JONATHAN E. SMITH,                                     :
                                                       :
                           Plaintiff,                  :    MEMORANDUM
                                                       :    OPINION AND ORDER
          - against -                                  :
                                                       :    06 Civ. 5350 (SAS)
NBC UNIVERSAL, a corporation, d/b/a                    :
NBC UNIVERSAL TELEVISION                               :
GROUP a/k/a NBC UNIVERSAL                              :
TELEVISION and d/b/a SCI FI                            :
CHANNEL, MG PERIN, INC., a                             :
corporation, UNIVERSAL                                 :
TELEVISION NETWORKS, and DOES                          :
I-XX, inclusive,                                       :
                                                       :
                           Defendants.                 :
------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.   INTRODUCTION

      Defendant MG Perin, Inc. ("MG Perin") authorized defendant Universal Television Networks ("UTN") to broadcast an episode of a television series that contained material to which plaintiff Jonathan Smith held the copyright.[1] Smith now argues that he is entitled to two awards of statutory

---

[1] A more complete account of the facts of this case can be found in an earlier opinion. *See Smith v. NBC Universal et al.*, 524 F. Supp. 2d 315 (S.D.N.Y. 2007).

1

damages, while defendants maintain that only one award is available.

## II. APPLICABLE LAW

Under earlier versions of the Copyright Act, statutory damages were awarded for "each infringement which was separate."[2] But under the current statute, "the unit of damages inquiry" shifts "from the number of infringements to the number of works [infringed]."[3] Section 504(c)(1) of title 17 of the United States Code provides that "the copyright owner may elect . . . to recover, instead of actual damages and profits, *an award of statutory damages for all infringements involved in the action, with respect to any one work*, for which any one infringer is liable individually, or *for which any two or more infringers are liable jointly and severally* . . . ."[4] The Circuit has reiterated that "within the statutory framework, a district judge has wide discretion in setting the statutory damage award anywhere between $750 and $30,000 *for each work infringed*."[5]

The Second Circuit has reviewed several cases where a distributor

---

[2] *Twin Peaks Prods. v. Publ'ns Int'l*, 996 F.2d 1366, 1381 (2d Cir. 1993) (citing *Robert Stigwood Group v. O'Reilly*, 530 F.2d 1096 (2d Cir. 1976)).

[3] *Id.*

[4] 17 U.S.C. § 504(c)(1) (emphasis added).

[5] *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 265 (2d Cir. 2005) (emphasis added).

authorized a retailer or broadcaster to infringe a copyright. In *Fitzgerald Publications Co. v. Baylor Publications Co.*, the Second Circuit addressed a situation where a printer and the printer's customer were sued for making unauthorized copies of a printed work.[6] The district court awarded $550,000 in statutory damages against the customer and $22,000 against the printer and declined to make the awards joint and several. On appeal, the Second Circuit stated that:

> One . . . possible suggestion for maintaining the several awards is that the defendants committed separate infringements. But in a case decided recently that is indistinguishable from the present one, *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467 (2d Cir. 1985), we held the printer-defendant was jointly and severally liable for actual damages with a distributor for producing a poster infringing on the plaintiff's copyright. *Id.* at 472.[7]

The court concluded, "[h]ere the infringement flowed from [the two defendants'] joint action in reprinting the [infringed works]. As a consequence, their liability is necessarily joint and several."[8]

---

[6] 807 F.2d 1110 (2d Cir. 1986).

[7] *Id.* at 1116.

[8] *Id.* The court also noted that "[i]t might be thought difficult to set a single award of statutory damages when the determination involves two defendants, one of which might be more blameworthy than the other. . . . Yet, such potential problems are largely chimerical." *Id.* at 1117.

3

Similarly, in *WB Music Corp. v. RTV Communication Group*, plaintiffs sued a manufacturer and a distributor of a compilation of thirteen copyrighted works.[9] The circuit ruled that there should be thirteen awards of statutory damages, and did not consider the possibility of twenty-six awards.[10]

## III. DISCUSSION

Smith is entitled to two statutory damage awards only if (1) MG Perin independently infringed Smith's copyright (as opposed to simply contributing to UTN's infringement) and (2) the statute authorizes two awards for two infringements of the copyright on one work. Regardless of the number of infringements of Smith's copyright, because there is only one work at issue and the defendants are jointly and severally liable for any infringement, Smith is entitled to only one award of statutory damages.

The plain language of the statute is controlling. Smith has elected statutory damages, and is thus entitled to "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . for which

---

[9] 445 F.3d 538 (2d Cir. 2006).

[10] *See id.* at 540-41. *Accord United States Media Corp. v. Edde Entm't Corp.*, 1998 WL 401532, No. 94 Civ. 4849 (S.D.N.Y. July 17, 1998) (granting one award of statutory damages against distributor, supplier, sales agent, and retailers).

4

any two or more infringers are liable jointly and severally . . . ."[11]  MG Perin and UTN are jointly and severally liable for the infringement of his video, and he is thus entitled to one award.[12]

Even if MG Perin's distribution of the video were considered a separate infringement, it may be a *de minimis* infringement. The Second Circuit has made clear that *de minimis* infringement of copyright is not prohibited by the Copyright Act.[13]  Nimmer argues that "[i]n all but exceptional circumstances," authorization to broadcast – the violation committed by MG Perin – will not damage the copyright owner, and that "precious court time would be ill-allocated

---

[11]  17 U.S.C. § 504(c)(1).

[12]  The cases cited by Smith are not to the contrary. Smith cites *Columbia Pictures Television v. Krypton Broad. of Birmingham*, 259 F.3d 1186 (9th Cir. 2001), in which the Ninth Circuit affirmed two awards of statutory damages for the broadcast by two television stations of a single work. However, the Ninth Circuit upheld the separate awards because "there is no evidence in the record to suggest that the stations are joint tortfeasors." *Id.* at 1194. Thus, the court permitted two awards for one work, because there was no joint and several liability. The statute clearly contemplates a single award for each work infringed by joint tortfeasors, as is the case here.

[13]  *See On Davis v. The Gap*, 246 F.3d 152, 173 (2d Cir. 2001) ("Because of the *de minimis* doctrine, . . . [i]f a copyright owner were to sue the makers of trivial copies, judgment would be for the defendants. The case would be dismissed because trivial copying is not an infringement.").

5

to litigation over acts of authorization absent any infringement."[14] Indeed, Smith has not cited any case that has sustained separate statutory awards for a distributor[15] and a broadcaster.

An example from *Nimmer on Copyright* cited by Smith supports defendants' position: A complaint alleges that theaters A, B, and C all broadcast the plaintiff's movie without permission. If they have no relationship with each other, damages would not be joint and several. However, if D distributed the movie to all three, D would be jointly and severally liable with each of them. "There will, therefore, be three sets of statutory damages which may be awarded, as to each of which D will be jointly liable for at least the minimum of $250. However, D's participation will not create a fourth set of statutory damages."[16] In this instance, MG Perin is analogous to the distributor, D, and UTN is one of the

---

[14] Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.04[A][3][a] (2005).

[15] By "distributor" I mean an entity that prepares material for others to broadcast to the public, not one that distributes material directly to the public. A direct distributor to the public has clearly committed an independent violation. *See Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62 (1st Cir. 2002) (noting that the Copyright Act gives the owner of the copyright the exclusive right to "'distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership'" (quoting 17 U.S.C. § 106)).

[16] 2/27/08 Letter from Elliott J. Stein, Attorney for Smith, to the Court (citing *Nimmer on Copyright* § 14.04[E][2]).

broadcasters.

Nimmer suggests that a plaintiff in this situation could file multiple actions to recover multiple statutory damages awards (assuming that the distributor's actions constituted an independent violation of the copyright). He concludes that because of this danger, there might be an argument that for purposes of judicial economy, a plaintiff should be allowed multiple awards in situations where *res judicata* would not bar the subsequent action. However, he notes that factors to consider would include whether the facts of the separate claims are "'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'"[17] He further notes that recovery would be barred "[i]f the infringing acts complained of in the second action constitute a part of the same infringing transaction that was the subject of a first action . . . ."[18] Even if this were the law in this circuit, Smith's claim fails this test. His claims against MG Perin and UTN are related in time, space, origin, and motivation, are convenient to try together, and business understanding suggests

---

[17] *Nimmer on Copyright* § 14.04[E][2][b] (quoting Restatement (Second) of Judgments § 61(1) (Tent. Draft No. 1, Mar. 28, 1973)).

[18] *Id.* n.161.

that they are a single claim.

## IV. CONCLUSION

For the reasons stated above, Smith is entitled to only one award of statutory damages for infringement of his video.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          February 28, 2008

## -Appearances-

**For Plaintiff:**

Elliott J. Stein, Esq.
Stevens & Lee, P.C.
200 College Road East, Suite 4400
Princeton, New Jersey 08540
(609) 243-9111

**For Defendants:**

Harry W. Lipman, Esq.
Rottenberg Lipman Rich, P.C.
369 Lexington Avenue, 15th Floor
New York, New York 10017
(212) 661-3080